# FOURTH DEPARTMENT, OCTOBER, 1917.

EMMA B. DAVIS, Appellant, v. THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Respondent.

*Insurance — notice of cancellation of policy.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the Erie county clerk's office February 13, 1917, dismissing the plaintiff's complaint upon a verdict directed by the court at the Erie Trial Term, and also from an order entered April 24, 1917, denying the plaintiff's motion to set aside the verdict and for a new trial upon the minutes of the court.

PER CURIAM: The trial court directed a verdict for defendant upon two grounds: *First,* that the provisions of section 92 of the Insurance

Law,* requiring defendant to give to the insured the notice therein prescribed before it could forfeit the policy for non-payment of the renewal premium, did not apply because the policy is a ten-year term policy having no surrender value; and *second*, that the proof established as matter of law that such notice, if required, had been duly given. We think it was error to direct a verdict upon either ground. We think the provisions of section 92 do apply to a ten-year term policy, even if it has no surrender value. Respondent's counsel has not called our attention to any other provision of the Insurance Law which excepts such a policy, and we have found none. As to the second ground, we think plaintiff was entitled to have that question submitted to the jury as one of fact. The judgment and order must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concurred. Judgment and order reversed and new trial granted, with costs to appellant to abide event.

---

* Consol. Laws, chap. 28 (Laws of 1909, chap. 33), § 92.— [Rep.